IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID LOCKMILLER,

Plaintiff,

v.

UNITED STATES, *et al.*,

Defendants.

No. C 19-04554 WHA

**ORDER DISMISSING AMENDED COMPLAINT**

In this tort action, *pro se* plaintiff David Lockmiller sues defendants based on alleged violations of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80 and state law (Dkt. No. 10 at 7–10). A prior order issued by Judge Sallie Kim granted plaintiff's application to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915(e) (Dkt. No. 4).* That order gave plaintiff leave to amend the complaint by September 16 (*id*. at 1), which plaintiff timely filed (Dkt. No. 10).

The following facts are taken from plaintiff's amended complaint. Plaintiff alleges that he purchased a "tainted lamb roast at Bryan's Market in San Francisco" (*id*. at 4). On October 3, 2017, after consuming said meat and "[w]ithin hours of going to bed," plaintiff vomited and realized he was paralyzed in both legs (*ibid*.). Two days later, plaintiff called the "Nurse Aide hotline" and was told to visit the Veterans Affairs hospital (*ibid*.). Plaintiff accuses Dr. Harry Han (his emergency room treating physician) of failing to make a "finding of a suspect food

---

* Plaintiff subsequently declined magistrate judge jurisdiction, after which this action was reassigned to the undersigned (Dkt. Nos. 5, 7).

borne illness" and thus failed to make a report "to the local health authorities as required by state law to do so" (Dkt. No. 10 at 5). That is, though Dr. Han diagnosed plaintiff's illness as "Infectious Gastroenteritis and Dehydration," plaintiff believes that "Bacillus cereus of the emetic toxin type" instead caused his symptoms, which should have been reported (*id*. at 5; Exh. C at 3).

Plaintiff thus asserts the following claims, as liberally construed: (1) violation of Sections 1346(b) and 2671–80 of the FTCA for failure to report his "food borne illness" to the "San Francisco Department of Public Health – Environmental Health Branch" under California Code of Regulations, Title 17 § 2500(b), against Drs. Han and Jonathan Garber (the "Chief of the San Francisco VA Hospitable Emergency Department") and the United States; and (2) negligence and other state law claims against Bryan's for his medical injury (presumably for selling the meat at issue) (Dkt. No. 10 at 7–16).

When a plaintiff proceeds *in forma pauperis* under Section 1915, a court must conduct a preliminary screening of plaintiff's complaint and dismiss any claims that (1) are frivolous or malicious; (2) fail to state a claim upon which relief can be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief can be granted when it does not "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), even when the court takes "all allegations of material fact as true and construes them in the light most favorable" to plaintiff, *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 474 F.3d 1202, 1205 (9th Cir. 2007). *Pro se* pleadings must be liberally construed. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). A court, however, "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

2

Here, a prior screening order issued by Judge Kim dismissed the instant action for lack of subject-matter jurisdiction and failure to state a claim. Specifically, that order found a lack of diversity jurisdiction because both plaintiff and Bryan's reside in California (Dkt. No. 4 at 2). That order further found a lack of federal question jurisdiction, as plaintiff failed to adequately state a federal claim. The amended complaint fails to cure any of the deficiencies highlighted in that prior order.

Plaintiff brought this complaint under the FTCA, alleging that Dr. Han failed to report his "food borne illness" as purportedly required under California Code of Regulations, Title 17 § 2500(b). Section 2500(b) provides in relevant part that:

> It shall be the duty of every health care provider, knowing of or in attendance on a case or suspected case of any of the diseases or conditions listed in subsection (j) of this section, to report to the local health officer for the jurisdiction where the patient resides as required in subsection (h) of this section.

Section 2500(j) in turn lists the specific diseases and conditions that "[h]ealth care providers shall submit reports for." As Judge Kim pointed out, neither infectious gastroenteritis or "Bacillus cereus" infection is listed in Section 2500(j). Thus neither Dr. Han did not have a duty to report plaintiff's symptoms.

In his amended complaint, plaintiff points to Section 2500(a)(13), which defines "foodborne disease" as "illness suspected to have resulted from consuming a contaminated food, non-water beverage, or other ingestible item such as a dietary supplement or herbal remedy." Plaintiff asserts that "foodborne disease" is a "general term that encompasses a number of specific illnesses with distinctly different causes, and these causes are specifically listed in authoritative medical reference sources available to all Emergency Room physicians" (Dkt. No. 10 at 15). He thus complains of Judge Kim's analysis and reasserts that defendants had a duty to report his "food borne illness." This order disagrees.

Section 2500(a) merely provides governing definitions for various terms. Those definitions, by themselves, do not provide any affirmative duties. Thus only the specific diseases and conditions listed in Section 2500(j) remain relevant to the question of whether Dr. Han had a duty to report plaintiff's symptoms under Section 2500(b). For the reason stated

3

above, he did not. As such, even assuming that Dr. Han erroneously diagnosed plaintiff's symptoms, he still had no duty to report plaintiff's illness under Section 2500(b).

Plaintiff also alleges that Dr. Garber had a duty under Section 2500(c), which provides that:

> The administrator of each health facility, clinic or other setting where more than one health care provider may know of a case, a suspected case or an outbreak of disease within the facility shall establish and be responsible for administrative procedures to assure that reports are made to the local health officer.

No defendant had a duty to report under this subsection either. Sections 2500(a)(5) defines "case" as:

> (A) a person who has been diagnosed by a health care provider, who is lawfully authorized to diagnose, using clinical judgment or laboratory evidence, to have *a particular disease or condition listed in subsection (j)*; or (B) a person who is considered to have a disease or condition that satisfies the most recent communicable disease surveillance case definitions established by the CDC and/or CSTE; or (C) an animal that has been determined, by a person authorized to do so, to have a disease or condition made reportable by these regulations; or (D) a person who has been diagnosed with HIV infection using a currently approved HIV test algorithm, as defined in section 2641.57.

Cal. Code Regs. tit. 17, § 2500(a)(5) (emphasis added). Section 2500(a)(25) defines "suspected case" as, in relevant part, a person whom a health care provider believes "probably" has "a particular disease or condition listed in subsection (j)." And, Section 2500(a)(22) defines "outbreak" as "the occurrence of cases of a disease (illness) above the expected or baseline level, usually over a given period of time, in a geographic area or facility, or in a specific population group." None of these definitions covers plaintiff's alleged illness. Plaintiff thus failed to allege facts supporting his theory of liability under the FTCA.

Because plaintiff has already been advised of his pleading deficiencies and only doubled down on those deficiencies in his amended complaint, this order finds that granting further leave to amend would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend."); *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097–98 (9th Cir. 2002), *abrogated on other grounds as recognized in South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended

the complaint."). Accordingly, plaintiff's claims against all defendants are **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

Dated: September 27, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE